3-20-0141 Emanuel Gayan Appellant v. Juan Hernandez, individually and as President of La Casa Jalisco, Apple Lee. Thank you. Good morning. Good morning, Your Honor. Good morning, Your Honor. Mr. Gayan, would you like to get started? Well, the only thing, I was told all of the justices would be on the screen, but McNeil Wade and Holdridge, and I'm sure there's a third one. There should be six boxes. Justice Schmidt is on the call. You just can't see his face. His name is in a box. Okay. Okay. Well, with that... Excuse me, judges, justices, I do have a motion that was filed relative to striking certain materials and arguments in the material submitted by Mr. Guyon on behalf of the appellant. I don't know when the court would like us to take that up. We have reviewed it, and we'll announce the decision in the decision. Thank you, Your Honor. Thank you. Am I saying your name wrong? I was saying Gayan. Is that correct? It's just like Ryan, only Gayan. Okay. Thank you. Not Guyon. It's Gayan. I apologize. That's okay. All right. We're ready. Okay. Thank you, Your Honor. My name is Emmanuel Guyon, and I'm before this court pro se because the case involves the striking of my law office building in Streeter, Illinois, where a vehicle from the restaurant building would hit in parking, jump the bumper, and struck my building, punched a hole in the brick. And that's why I filed my action in negligence. And I will start by saying that, well, in 46 years, I've never had to represent myself in a case, but here I am. The trial court dismissed it on the basis that it's no duty to the owner of the restaurant business to provide for any barrier or any type of prohibition against traveling onto my property. It's fundamental in tort. There's no recovery in negligence unless the defendant breached the duty owed to the plaintiff. And that duty is a question of law to be decided by the court. The in an action for negligence, I must establish that the defendant owed a duty to the plaintiff, the defendant breached that duty, and the breach approximately caused the damages and harm to my property. Again, that duty of existence of a duty is a question of law that the court decided. The trial court said that the defendant operator of the restaurant business had no duty to assure and ensure that no harm would come to the adjacent property owner. In determining whether a duty exists, the court looks to four factors, the reasonable foreseeability of injury, the likelihood of injury, and the magnitude of the burden of guarding against the injury, and also the consequences of placing that burden on the defendant. The four factors encompass the relationship between the plaintiff and defendant, and the court must determine whether the plaintiff stood in such a relationship to establish a duty of care and requires considerations of policy inherent in the consideration of those four factors and the weight according to each of the four factors in any analysis under the circumstances of the case at hand. Now, the defendant has a duty to protect against unreasonable risk of harm. In 1843, I think it was, the state of Illinois in its constitution adopted the common law of England and said that persons have an obligation not to harm the property or a person of another, and out of that, we have this great body of law in the negligence area, and one of the cases that I'll talk about a little bit later, but it's Dial versus the city of Stanton or something of that nature, it's in my brief, where it said that when you have a trespass, which this is a trespass case, it's not an egress and ingress case, most of the cases that have talked about it and what the defendant in this case cited was ingress and egress, and that involves public property, roads, things of that nature, but this case is different. It's a trespass case. For the convenience of the business, there was head-end parking, and the exhibits attached in the appendix show that where the defendant operator of the business suggested to his customers to park in a certain area. There are bumpers that we're all familiar with, four inches or five inches high, that certainly do not constitute a barrier or a prevention of passing over the property line that would have stopped the impact of this truck into my building. All they did was just, all those bumpers do is just say, here, this is where you should park, and this is how the property's laid out for parking, and I get more customers, you know, everybody obeys and just parks in the area that they're supposed to. The curb bumper could not function as a stop to prevent the passage in what I call trespass onto my property. Now, Mr. Guyon, to get a better picture of this, are these the traditional concrete bumpers that you see in many parking lots? I guess so, Your Honor. They're about five inches high, and they're concrete, but the width of the car, and that's where they sort of direct you, this is where you should park. Are they anchored? Those bumpers have at least two holes in them to anchor the bumpers into the pavement, is that the case? Your Honor, what they are, there's holes probably about an inch in diameter, and they have steel rods that they keep them in place, but they certainly don't prevent a car from or truck from jumping that bumper to get onto my property. It's not a barrier that I think should have been installed to prevent the trespass that did occur. So now, where is this duty that the defendant, in this case, has a duty to prevent trespass by his business invitees? Where is that duty found? I think that duty comes from the fact that he can operate his business any way he wants, but what he doesn't have is the right to operate it in such a way that it would be convenient or easy for a truck or a car to jump that bumper and bump in these pedal, they call them pedal errors, and I talked about that in the Hougas case that said that, and I was talking about the 50 daily occurrences of jumping those bumpers and causing harm of one nature or another. The obligation in Hougas, they talked about, and I referred in the case law about the restatements, and I'll talk about a little bit later if I may, but they say that the owner, the landlord, in this case, the landlord and the owner of the business are one in the same, and he can do it in such a way that it makes it convenient or easy for those cars to jump that bumper and trespass and cause ultimate harm to my property. That's where it is. And I think it's a policy decision that the court's going to have to make and say, well, and I think the trial court erred here, and, you know, the author was your newest member of the court, but he said once they crossed the vertical plane of the property line, then the owner of the business had no obligation to stop the person who responded to the head in parking, and he did what he was supposed to do. But I think at that point in time, both of them acted in concert so that the approximate cause element of negligence case was satisfied. It was so close in time that you cannot separate the action of the owner of the business failing to erect a proper barrier to prevent that trespass. Let me ask you, Mr. Guyon, let me ask you a question. How long had this business been next to your building? Well, your honor, I built my office in 1978, and it was a pizza hut originally, and it was converted into a Mexican restaurant. Okay, and so in your mind, this parking situation created an unreasonably dangerous situation with respect to your building, is that right? That's correct, your honor. And how many times did you complain to them about the lack of a barrier? I never complained to them because no one ever crossed the barrier, but that has nothing to do with my opinion, because it was a latent condition, it was a dangerous condition, and finally somebody did what happened here, but that doesn't change, it doesn't matter what passage of time has passed, that it didn't happen before because it did happen this time. So I get that, but the fact that it happened is the issue, it's a question of whether it he failed to act like a reasonable person by failing to put up a barrier, and I'm wondering why you as a reasonable person didn't see that danger and complain to him that he should have a barrier to protect your building. Your honor, I don't think I have that obligation to control how he runs his business. If he did not have proper precautions in place to prevent that happening, that's his obligation, that's not my obligation. That cannot be passed on to me, I'm living... So you're saying, to summarize it, you're saying that you're not under an obligation to provide notice of a dangerous condition to the restaurant owner, right? That's correct. Okay. I have that obligation. I think the obligation is his to run his business and not harm others. That's what negligence and the case that I referred to, and I'm going to look it up here in my Dial case, I know Dial came out of Southern Illinois, and they said that Dial versus Citigo found, and if there's a trespass that does occur, and the fact that it didn't occur in the 46 years I've been here in this law office, I don't think that's a factor to be considered. Let's cut to the chase on this. Did the defendant present that as an obligation or duty and argue it as a defense? They are on the basis of ingress and egress cases, not on the basis of they have an obligation not to harm others' property. And that's... No, I'm talking about notice. Justice Smith was asking, in effect, a notice question, and implied, I think, that you were under an obligation to provide notice, and you're saying you're not under the law. And I'm just asking, was that a defense presented by the defendant in the record? Well, the defense that was presented by the defendant is based on his ingress and egress cases. We all live in our own homes. You go to your neighbor and say, you have an obligation not to do anything against my property where I live as a private citizen. I don't think anybody has that obligation. What if they do something that, if their car, as they're coming home, make a turn and crash into my house? And then you say, well, you didn't give me notice, so I couldn't do that. I think that's... Honestly, that's silly. Well, are you arguing, then, strict liability? Apparently, you're saying... It seems to me I'm hearing a strict liability argument that the business owner next door is strictly liable when one of his patrons trespasses upon your property. If there's a latent condition that will allow that to happen, then it is strict liability. And the fact that it didn't happen before has no bearing on this particular case. All cases stand by themselves. And my problem is that they wrecked my property. And the trial court ruled that once the truck passed the vertical plane of the property line, then the landowner was completely absolved from... I'm sorry, the business owner and operator of the business, and he is the landowner, he's completely absolved from any responsibility for when the trespass occurred for any harm that was caused to my property. And I don't think that's fair. I think that the fact that it hasn't happened before has no bearing on whether there's an obligation to not destroy my property. Well, you're bringing a suit of negligence, correct? Correct. So you have to show that the owner of that business failed to do something that a reasonable person would have done or did something that a reasonable person wouldn't have done. Isn't that right? Correct. Okay. So what is it that a reasonable person would have done before this accident? Any reasonable person. The business owner has a responsibility to erect an appropriate barrier so those people with head-end parking, as he has directed, the owner directed, and they did it, that it would not travel over my property and constitute a trespass. And again, the case I'm talking about is Dow v. Cityville Fallon, and they talked there about the restatement of Clause 165, under 165, negligent or reckless conduct. A person is liable not only for his own entry, but also if he causes a third person to enter the land of another. According to Restatement Section 158, a person may be liable for the intentional intrusion on land for directly casting an object on the property of another, or for indirectly causing the intrusion, if an act is done with knowledge that it will, to a substantial certainty, result in the entry of a foreign object onto another's land. Now, Mr. Guion, that's interesting, because I think under general negligence theory, we don't have that, that we have in those two sections, substantial certainty that the result would occur. Where is the certainty, knowledge, substantial certainty, that the result of this trespass would occur in the, quote, mind of the defendant? Your Honor, that goes to foreseeability, and he is charged, he should have, he has knowledge of the problems with pedal errors that occur daily in the United States, 40 to 50 a day. And that's what those experts said, and then in the Hoogers case, that's what they talked about. And again, Dial v. City of O'Fallon says that negligent conduct that causes an intrusion, that, you have to go by the four principal elements, duty, breach, law. Well, let's talk about knowledge here. What, this knowledge, where in this record is knowledge on the part of the landowner? If he's running a business, I think he has an obligation to have knowledge of keeping his customers on his property, not on my property. Okay. There it is, right there. And I don't think that I have to go over and say to him, well, you know, you have to construct a barrier because, you know, these head in parking things, they can, people can come across the property line. I don't think I have that obligation. He has the obligation, that burden of proof and the obligation to forewarn of something that could happen is not my obligation. He has the right, he has the obligation to conduct his business without having intruded onto my property. And, I mean, again, that's, that goes back to the basic English common law. You can't harm the property of another, whether he has knowledge or not, it happened. And it was just, it was a, it was a latent condition that existed for many years. Fact is it didn't happen in the previous court. Well, I don't know. I've been here since 1978 in my building and that building was there. Yes. I'm sorry. Your time is up. Thank you. Are there any other questions? No, not at this time. You all have five minutes for rebuttal. Thank you. Mr. Schaefer. Good morning, justices. My name is Jonathan Schaefer. I'm representing the appellees Juan Hernandez and La Casa Jalisco, Inc. May it please the court and counsel. The defendants filed their motion to dismiss counts three and four of the plaintiff's complaint on the grounds, both of no duty and no proximate cause. And the trial court provided a sound opinion relative to dismissing the complaint pursuant to 615, because as case law has said that the court has authority to dismiss the plaintiff's cause of action with prejudice if it appears that no set of facts could be pled to entitle the plaintiff to relief. And that's the Anderson case we cited. In this case, there are no facts that could be pled by the plaintiff, which could state a cause of action. And it's appropriate for the trial court to have entered a dismissal with prejudice. As counsel indicated, it's axiomatic that in a negligence action, plaintiff must allege and prove the four elements of duty recognized under law, a breach of the duty, proximate cause, and the resulting damages. The duty as counsel indicated has four elements in consideration of whether a duty arises. And all of those factors, foreseeability, likelihood of injury, magnitude of guarding against it, and consequences of placing the burden on the defendants or the appellees in this case, all strongly support a finding of no duty. In regard to foreseeability, counsel has in his record a diagram out of the parking lot. And that diagram confirms that this is a generic layout of parking spots with lane markings and parking bumpers that you see in every parking lot all across the United States. Counsel claims that there's a latent defect because there's not a barrier, whether it's bollards or some other type of vehicle blocking device that should be in front of each one of the parking stalls. But that is not something that we see in any parking lot that any of us in the public have experienced. If it were demonstrated that these bumpers were not anchored with the steel rod into the pavement or the ground, would you be making the same argument? Honestly, Judge, yes. Because the circumstances of this case is that the vehicle driven by the co-defendant Stephen Dunning accelerated over the bumper and accelerated continuing onto Mr. Guyon's property and struck the building. The fact of whether it was anchored or not was a non-factor by the allegations because there's no allegations that the bumper moved. But it shows there's no latent issue that is established in this parking lot different than any other, such as sloping ground towards it or the funneling of traffic solely into the parking spot in question that appears to make it an egress avenue. This is a typical parking lot that you see throughout the world in essence. So council even admits in regards to the foreseeability issue that he has not had any complaint directed to the police of intrusion onto his property by a vehicle. And that's been over 40 years. So the foreseeability of the actions of Mr. Dunning has just not been established in the pleadings nor has it pled property. Secondly, the likelihood of the injury. It's not likely that this configuration of this parking lot would in and of itself cause an injury such as this. Because again, that likelihood of injury would be across every parking lot in the world again. It's virtually the same. This layout is virtually the same as any other lot. This case is based upon an unforeseeable and unlikely scenario of an alleged intoxicated driver acting so recklessly as the jump over a parking block and then into the plaintiff's building. So the likelihood of injury is not present. Then we move on to the third factor of duty which is the magnitude of guarding against the alleged defect or danger. And as Justice Holbridge indicated, what would a reasonable action of a landowner be in this situation? Well, counsel suggests that we should put bollards or some barrier that would prevent vehicle traffic in any instance from being able to cross onto his property. And again, this argument could extend even to a garbage truck or a delivery truck which would create a much higher degree of protection that would be required and that would require it in front of every parking spot across the United States. And in fact, arguments could be made in between rows of parking because the vehicles that are facing each other in a parking lot could intrude into the other person's vehicle. It's an extraordinary magnitude of guarding against the danger that counsel and appellant proposes. And then you want to place that burden, the fourth factor on the appellees in this case. This burden would be placed upon any landowner, a private owner, a public owner, meaning governmental lots that you would have to put barriers around all parking areas except for the area of egress and ingress. That's an extremely expensive proposal that would be placed up on not only the appellees but any other parking lot property. There is clearly no duty owed by the appellees to Mr. Guillen. The seeking of redress from the appellees for the wrongdoing of the driver, Stephen Dunning, is not well supported. And in fact, there's two cases that we cite and it was relied upon by the trial court which are directly on point. The Ziemba case, if the justices recall, involves the bicyclist that was driving past the defendant's property when a truck backed out of a driveway that was apparently sited by bushes. And the truck driver backed out right into the roadway and backed into the injured bicyclist. And in Ziemba, the Supreme Court noted that the imposition of a general duty to anticipate and guard against the negligence of others would place an intolerable burden on society. In this case, the plaintiff is seeking to impose a duty on the defendant to maintain his property so as to guard against an injury occurring off of defendant's land. But the condition on defendant's land posed no danger to the plaintiff, i.e. the bushes, absent the driver's violating its own standard of care. Thus, an imposition of a duty here would require the defendant to guard against the negligence of others. This is considerably higher burden than guarding against dangers created solely by the conditions of the land. Therefore, we find, the Supreme Court of Illinois, we find that the defendant did not have a duty to maintain his property in such a way that the plaintiff could see his driveway from the Riverdale Road. The trial court also relied upon the decision in Obdue v. Truck Transportation, the second district case. That's the case that involved the truck driver that was making a delivery to the landowner defendant's property, parked it semi in such a way that part of the vehicle was parked on a public thoroughfare. And as a result of that parking, the plaintiff's vehicle drove into the portion of the truck on the roadway and killing the driver. In that case, the second district held that a property owner owed no duty to a driver that ran into a truck that had been parked on the roadway while making a delivery to the defendant landowner's property. The appellate court held that the landowner owed no duty to the plaintiff for the truck driver's actions in parking on a thoroughfare. This case is indistinguishable from both Ziemba and Obdue. They all involved an injured party claiming that something was wrong on the defendant's property, high bushes in Ziemba, the parking of the truck or the layout of the delivery in Obdue. And in this case, they're claiming that there was insufficient barriers to prevent the vehicle from entering his property. The three cases also allege negligence of a driver. In Ziemba, it's the backing truck. In Obdue, it's the truck driver that parked his vehicle illegal on the public thoroughfare. And in this case, we have Mr. Dunning accelerating, apparently intoxicated as alleged by the plaintiff, driving over the barrier and into the plaintiff's building. Mr. Schaefer, how do you deal with sections 158 and 165 of the restatement of torts? Because these are ingress-egress cases you've just cited to us. Is there some manner in which these restatements don't apply here? I don't believe Mr. Dunning is saying this is a trespass. And a trespass requires an entry by the defendant. There's no allegation owned by the appellees trespassed onto the property. This is a stretching of a duty argument on trespass because there is no trespass by the defendants. So you're saying that 158 and 165 say that the defendant has to be the trespasser? Yes. There is an exception. In regards to the cases where an invitee and that's another theory that the plaintiff brings up in his briefs that there's a duty as an invitee in this situation but the plaintiff in this case is not an invitee. The quote invitee would have been the defendant Stephen Dunning, the driver if there was evidence that in fact he was in the restaurant. But all of these cases are trying to stretch a duty in a factual scenario that's in opposite to the duty obligations that I've just alluded to. There's no basis to claim an invitee relationship that the plaintiff was an invitee. There should be no premises liability duty being owed by the appellees in this case. The general rule is that there's no duty for the wrongful acts of others and the exceptions that are to that do not apply in this case. The appellees are not a common carrier they're not an innkeeper there's not a duty required by law the appellees did not voluntarily undertake to provide protection against vehicles with the intention of stopping vehicles in a situation of an intoxicated driver who's driving recklessly. There's no special relationship that give rise to the appellees owing a duty to the appellant for the wrongful acts of Mr. Dunning. But in addition to duty the trial court also dismissed the complaint because there was no proximate cause and the defendants or the appellees alleged negligence in failing to have these barriers was only a condition of the premises. The actual proximate cause of this accident was the actions of Mr. Dunning driving while intoxicated and recklessly in control of his vehicle causing the damages alleged by the plaintiff. In Novander it was noted that the proximate cause is ordinarily a question for the jury but it may be decided as a matter of law when there can be no reasonable differences in the inferences to be drawn by reasonable men from the undisputed facts. Another way in particular the third district in June and I apologize for the pronunciation June Gart versus Zeebert held that paraphrasing a prior opinion the total and unexplained inattention to the roadway while driving an automobile is conduct so outrageously negligent and reckless that in the exercise of reasonable diligence it could not be anticipated and such is the conduct that we're involved in this case. So there's not a cause in fact nor is there a cause a legal cause that gives rise to a finding a reasonable basis for finding that there is a grounds for proximate cause to be proven in this case. In some the U.S. Supreme Court in discussing the concept of proximate cause in a concurring opinion held that life is too short to pursue every human act to its most remote consequence for one of a nail a kingdom was lost is a commentary on fate not the statement of a major cause of action against the blacksmith. Thank you. Any questions? No. Are there any questions? Thank you. No. Thank you Mr. Schaefer. Mr. Guion any Can you hear me? I had it muted and I unmuted it now Can you hear me now? Do you? Yes. Yes. Yes. Okay. I'm sorry. Go ahead, Your Honor. Do you have any additional argument? Yes, I do. I have a couple of comments. With regard to foreseeability when they use the diagram of the parking lot somehow it says that justifies the position to jump the bumper with regard to Justice Holder you asked about how they're anchored I don't think that has anything to do with anything because if you're going to jump that bumper only five inches high the fact that it's anchored there you just it'll just ensure that you can jump the bumper and proceed on and trespass onto my property and they also counsel also argued about that there would be no like do and when you talk about has it happened before well that's the way they've always done it so therefore it's okay well when it does happen that's what this case is about and also counsel referred to an intoxicated driver there is no evidence in this record of the toxicology position of that driver and that is normal procedure by any law investigation by the city of Streeter or any police department but this absent totally absent and I try to get that toxicology report and there is none so for them to make a reference that he was intoxicated is totally inappropriate they also talk about the cost of the bollards well the fact is that he can do parallel parking instead of head in parking and then there is no chance that he would jump across the property line but his choice was to have head in parking so he would get more cars in his lot he owns the house behind the property where the restaurant is located he has the option to have additional parking there I totally  that it is appropriate to say that he has no obligation to ensure that no trespass could occur because there are ingress and egress in the property and they involve public roads and a lot of other points that are absent in this case there was a latent condition present on that property for many years and the fact is because nothing happened before doesn't say it couldn't have happened or they escape responsibility in the future for what happened here control of the premises is the key and Mr. Hernandez owns the property and I think he has the obligation to ensure that no harm should come to my property and I think   to the case. I talked about cases and I'm not going to recite them but one was 11 nonparties involved in the conduct and they in Nolan versus McLean the court held they were responsible but when they talk about the sole approximate cause everybody gets distracted and misled by that saying it's only one and that's what happened here. The trial court said it can only be one person once he crossed the property line but what person caused the condition to come into being that it was the owner of the vehicle and the operator of the business to cause the ultimate harm and there are other cases where there's two nonparties and a single person. Everybody thinks the sole approximate cause says one person but the action here was in concert and so close in time you shouldn't be separated. The business owner caused the condition to come into being and it was sitting there for all these years and whatever happened I don't know any of the circumstances of how the vehicle I know it happened at 930 at night but that's all I know about it whether he was just pulling in and just jumped the bumper and struck my building or if he was leaving the business and instead of having it in reverse back out he pulled ahead but either way I think that the joint sole approximate cause instruction should be given and if we have a trial should be given and that both defendant Hernandez and defendant Dunning are responsible for the harm because they acted in concert and you cannot just say because the vertical plane of the property line was only passed by defendant Dunning that defendant Hernandez escapes liability so with that I conclude your honor I just you know getting justice Smith talked about has it happened before well you know I've been driving for quite a number of years and never had an accident and if I did have an accident would my defense be well I never had an accident before so I shouldn't be held responsible for this one I don't think that makes any sense and if I did cause an accident I should be responsible and talk to my insurance company and pay for whatever my problems would be but anyhow it's been a pleasure being here and I thank you and I know you give me every consideration so thank you again thank you we thank both of you for your arguments here this morning we'll take the matter under advisement and we'll issue a written decision as quickly as possible the court will now stand at recess until 1030